IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLUMBERS LOCAL #200 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. 10-1835 (PLF) ) |
| v. | ) ORAL HEARING REQUESTED ) |
| THE WASHINGTON POST COMPANY, DONALD E. GRAHAM, and HAL S. JONES, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Under well-established law, "matters of which [the Court] may take judicial notice," may be considered in determining whether a complaint fails to state a claim. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997). Under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, in particular, courts are instructed to consider on a motion to dismiss "other sources . . . , in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Defendants respectfully request that the Court take judicial notice of the matters set forth below in connection with their Motion To Dismiss in this case. Each of these matters is subject to judicial notice under Federal Rule of Evidence 201 as a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**A.     Exhibits 1, 5–8, and 13–14: Publicly Available Disclosure Documents Filed with the Securities and Exchange Commission**

Defendants request judicial notice of several publicly available documents filed with the Securities and Exchange Commission: (1) Form 10-Ks filed by The Washington Post Company (the "Post") for fiscal years 2008 and 2009; (2) Form 8-Ks filed by the Post on May 7, 2010, August 6, 2010, and August 16, 2010; (3) a Form 10-Q filed by the Post on August 11, 2010; and (4) a Schedule 14A filed by the Post on March 24, 2010.  Plaintiff quotes from and refers to the majority of these filings in the Consolidated Class Action Complaint ("CC").

It is well-established that in securities fraud actions, courts may consider documents that are required to be filed, and actually have been filed, with the SEC.  *In re XM Satellite Radio Holdings Sec. Litig.*, 479 F. Supp. 2d 165, 174 (D.D.C. 2007) (citing *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000)).  Judicial notice of SEC filings is appropriate, because "the contents of these exhibits are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998).

Moreover, plaintiff seeks to establish its claims on the basis of the disclosures in many of these filings.  *See, e.g.*, CC ¶¶ 26, 119, 226–32, 242–44, 262–64, 268–70.  As the D.C. Circuit has held, courts may take judicial notice of documents incorporated into a complaint by reference.  *St. Francis Xavier Parochial Sch.*, 117 F.3d at 624–25.  As Exhibits 1, 6, 7, 8, and 14 are each discussed in the complaint, their incorporation provides an independent basis for the Court to take judicial notice of their contents.

In fact, each of the SEC filings attached here, including those not explicitly referenced in the complaint, is an appropriate subject of judicial notice because it establishes what information was revealed to the market.  This action, like virtually all federal securities class actions, is brought on a "fraud on the market theory."  When employing this "presumption that

the market price has internalized all publicly available information," plaintiff must acknowledge that the presumption "cuts both ways." *Raab v. Gen. Physics Corp.*, 4 F.3d 286, 289 (4th Cir. 1993). In securities cases such as this one, in which a plaintiff alleges that the market was allegedly deceived by defendants' statements, CC ¶¶ 317-18, it is not only proper, but necessary that the court take judicial notice of the "full text" of defendants' SEC filings "to establish the content of the disclosures therein," *XM Satellite Radio*, 479 F. Supp. 2d at 174 n.8.

      B.      **Exhibits 12 and 16: Department of Education Press Release and *Wall Street Journal* Article**

Defendants ask the Court to take judicial notice of a press release by the Department of Education ("ED"), attached hereto as Exhibit 12, and an article published in the *Wall Street Journal*, attached as Exhibit 16. Judicial notice of these documents is proper because, as noted above, this action is brought on a "fraud on the market theory." In such cases, courts examine the information publicly available to the market, including information that may discredit plaintiff's theory of nondisclosure. *Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 582 (E.D. Va. 2006). News articles and press releases are routinely the subjects of judicial notice in such cases. *See, e.g.*, *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424–26 (2d Cir. 2008) (affirming district court's taking judicial notice of media reports); *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1055 n.1, 1057 (9th Cir. 2008) (news articles and press releases properly considered on a motion to dismiss); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 980–81 & n.18 (9th Cir. 1999) (taking judicial notice that market was aware of information contained in news articles submitted by defendants). It is appropriate for the Court to take judicial notice of the fact that the ED press release and *Wall Street Journal* article contained certain information, as these documents aid the court in establishing whether and when that information was available to the market. *See Staehr*, 547 F.3d at 425.

Additionally, the ED press release is subject to judicial notice because plaintiff refers to it in the complaint. Indeed, the complaint alleges that the August 13, 2010 press release "finally revealed" the "truth" to the market. CC ¶ 273. Plaintiff could not object to the Court's taking judicial notice of a press release that is incorporated into its complaint.

### C.     Exhibits 9, 10–11, and 19–20: Government Documents

Defendants request that the Court take judicial notice of the following matters of public record: (1) the United States Government Accountability Office (GAO), Testimony Before the Committee on Health, Education, Labor, and Pensions, U.S. Senate: *For-Profit Colleges – Undercover Testing Finds Colleges Encouraged Fraud and Engaged in Deceptive and Questionable Marketing Practices*, GAO-10-948T, in its original (Aug. 4, 2010) and reissued (Nov. 30, 2010) versions; (2) the GAO Report to Congressional Committees: *For-Profit Schools – Large Schools and Schools that Specialize in Healthcare Are More Likely to Rely Heavily on Federal Student Aid*, GAO-11-4, Oct. 2010; (3) the Testimony of Steven Eisman Before the U.S. Senate Committee on Health, Education, Labor, and Pensions, June 24, 2010; and (4) the United States Department of Education Office of Inspector General's Final Audit Report, *United Education Institute's Management of Student Financial Assistance Programs*, ED-OIG/A09-B0025, Dec. 23, 2002.

Matters of public record may be considered without converting a motion to dismiss into a motion for summary judgment. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Courts may take judicial notice of "[r]ecords and reports of administrative bodies," *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), because public records and government documents are generally considered "not to be subject to reasonable dispute" under Rule 201(b), *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). Thus testimony before Congressional committees, *Dingle*, 270 F. Supp. 2d at 972–73, and published agency reports are proper subjects of judicial notice. Publication of a report

on an agency's website is a sufficient basis upon which to take judicial notice of the contents of that report. *In re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F. Supp. 2d 751, 754 n.2 (E.D. Pa. 2003).

The August 4, 2010 GAO report was published and publicly released by the GAO in conjunction with the agency's testimony before the Senate HELP Committee. The report was later revised and reissued by the agency on November 30, 2010, and is currently available on both the GAO website and the website of United States Senator Harkin. The October 2010 GAO report and ED's Final Audit Report, similarly, can be readily found on the websites of their respective agencies. Each of these government documents is a matter of public record "not subject to reasonable dispute," and the contents of each may be properly noticed by the Court.

### D. Exhibits 2–4: Stock Price Table and Graphs

Defendants ask the Court to take judicial notice of the closing stock prices of the Post, as well as nine for-profit education companies, throughout the putative class period and extending until July 1, 2011. The table attached as Exhibit 4 and the graphs attached as Exhibits 2 and 3 depict closing stock price information that is publicly available through, inter alia, Yahoo! Finance. The Court may take judicial notice of publicized stock prices at the motion to dismiss stage. *Ross v. Walton*, 668 F. Supp. 2d 32, 41 & n.7 (D.D.C. 2009) (citing *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 n.8 (2d Cir. 2000)); *see also Freeland v. Iridium World Commc'ns, Ltd.*, 233 F.R.D. 40, 43 n.3 (D.D.C. 2006). Judicial notice is particularly appropriate when, as in this case, plaintiff refers to the closing price of the Post's stock throughout the complaint. *E.g.*, CC ¶¶ 198, 204, 225, 247, 271. Defendants have attempted to organize this historic stock price data in a way that is more accessible to the Court. The data contained in Exhibits 2, 3, and 4 is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), and is the proper subject of judicial notice.

E.  **Exhibits 15, 17, and 18: Documents Incorporated into the Complaint**

Defendants request that the court consider three documents internal to Kaplan Higher Education Corporation or The Washington Post Company that were referenced in the complaint: (1) an "Admissions Call One Script: Outbound" from Kaplan University, dated April 2010, CC ¶¶ 147–52; (2) the Kaplan University Admissions Advisor Revised Compensation Plan (or "Gem Tier" Compensation Plan), dated October 12, 2009, CC ¶¶ 107, 114–18; and (3) The Washington Post Company's Statement of Ethical Principles, CC ¶¶ 298–301.

The Court may properly consider documents "integral to the complaint" even if not attached to the complaint without converting a motion to dismiss into a motion for summary judgment.  *XM Satellite Radio*, 479 F. Supp. 2d at 174 n.8 (internal quotation marks omitted); *accord Stevens v. InPhonic, Inc.*, 662 F. Supp. 2d 105, 111 n.1 (D.D.C. 2009) (court may consider "'documents incorporated into the complaint by reference'") (quoting *Tellabs*, 551 U.S. at 322). Plaintiff has cited or referred to each of the documents listed above, but has declined to attach the documents to the complaint.  It is proper for the Court to consider the full text of each of these documents.

1.  **Kaplan University Admissions Call One Script**

Plaintiff makes reference to "scripts" used by Kaplan admissions advisors when calling potential enrollees, CC ¶¶ 147, 149–52, but only attaches excerpts of one such "script" to the complaint.  *See* CC, Ex. A.  The Court may properly consider the full text of the "Admissions Call One Script," attached as Exhibit 18, as one of the "scripts" referred to by plaintiff, and incorporated by reference into the complaint.

2.  **Kaplan University Admissions Advisor Revised Compensation Plan**

The complaint purports to describe the "Gem Tier" compensation plan for admissions advisors, but does not provide a copy of the plan.  *See* CC ¶¶ 107, 115.  It is proper for the Court

6

to consider the written plan, attached hereto as Exhibit 17, in evaluating the sufficiency and accuracy of plaintiff's allegations concerning the plan.

### 3. The Washington Post Company's Statement of Ethical Principles

Plaintiff quotes from the Post's Statement of Ethical Principles in the complaint, incorrectly referring to it as the "Code of Ethics," and alleging that it contained "a host of false and misleading statements." CC ¶¶ 298–301. The court may properly consider the Statement of Ethical Principles, attached as Exhibit 15, as "incorporated into the complaint by reference." *Stevens*, 662 F. Supp. 2d at 111 n.1.

### F. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the documents that are attached hereto.

        Respectfully submitted,

        WILLIAMS & CONNOLLY LLP

        By    /s/ Kevin T. Baine
           Kevin T. Baine (#238600)
           Steven M. Farina (#437078)
           John S. Williams (application pending)

           725 Twelfth Street, N.W.
           Washington, D.C. 20005
           (202) 434-5000

        *Attorneys for Defendants*

Dated: August 26, 2011